**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF INDIANA**
**HAMMOND DIVISION**

| | | |
|---|---|---|
| FATIMA H. SHABAZ, | ) | |
|     Plaintiff, | ) | |
| | ) | |
| v. | ) | CAUSE NO.:2:16-CV-222-JEM |
| | ) | |
| SENIOR CARE INSURANCE | ) | |
| SERVICES, INC., d/b/a SENIOR CARE | ) | |
| INSURANCE SERVICES, | ) | |
|     Defendant. | ) | |

**OPINION AND ORDER**

This matter is before the Court on the parties' briefs regarding attorney fees stemming from Defendant's successful motion to compel. On June 20, 2017, the Court issued an Order granting Defendant's Motion to Compel and ordering Plaintiff to file a response to Defendant's request for $500 in attorney's fees incurred in filing the motion to compel. Plaintiff filed a response objecting to the request on June 30, 2017, and on July 5, 2017, Defendant filed a reply increasing the requested amount to $1, 284.00.

Rule 37(a)(5)(A) provides that, if a motion to compel is granted, the Court "must, after giving the opportunity to be heard, require the party or deponent whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees" unless "the movant filed the motion before attempting in good faith to obtain" the requested discovery, "the opposing party's nondisclosure . . . was substantially justified; or . . . other circumstances make an award of expenses unjust." Fed. R. Civ. P. 37(a)(5)(A). District courts possess wide latitude in evaluating the reasonableness of requested attorney fees and costs. *Johnson v. Kakvand*, 192 F.3d 656, 661 (7th Cir. 1999).

Defendant's Motion to Compel was granted, so it is up to Plaintiff to demonstrate that her nondisclosure was substantially justified or other circumstances make an award of attorneys' fees unjust. Counsel for Plaintiff argues that he has now provided the requested information to Defendant and that the delay was "[d]ue to conflicts with other time demands." At no time did Plaintiff request an extension of time from the Court, nor did she respond to the Motion to Compel. She has failed to show that Defendant did not attempt in good faith to obtain responses to its discovery requests before filing the Motion to Compel or that her nondisclosure was substantially justified.

Next, the Court turns to the appropriate amount of damages. As the Supreme Court has explained, "the most useful starting point for court determination of the amount of a reasonable fee payable by the loser is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate," known as the "lodestar." *Gisbrecht v. Barnhart*, 535 U.S. 789, 801-02, 122 (2002) (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983)) (quotation and other marks omitted). Defendant's initial request was for $500, without specifying in the Motion to Compel how it came to that amount. Plaintiff argues that is too high, and that the appropriate cost of making the motion would be a single billable hour at a rate of $150 to $250. In its briefing on the issue of fees, Defendant explains that its counsel spent 5.35 hours in correspondence with and other attempts to obtain the outstanding discovery from Plaintiff, as well as the time spent drafting the actual motion, at a rate of $240 per hour, and increase the request to $1,284.00.

The Court finds that $240 per hour is reasonable and in line with prevailing market rates. The $500 initially requested represents 2.08 attorney hours. Counsel for Defendant represents that she spent 3.4 hours attempting to obtain the requested discovery once it was overdue prior to filing the motion to compel with the Court and another hour drafting the motion. Counsel also represents that

2

she spent an additional .95 hours reviewing the Court's Order and preparing the brief in support of the fee request. There is no explanation as to why Defendant did not initially seek attorney's fees reflecting the full 4.4 hours counsel spent attempting to obtain the outstanding discovery and drafting the Motion to Compel, so the Court will award the 2.08 hours initially requested as well as the .95 hours expended since the Motion was filed, for a total of $727.20 reflecting 3.03 attorney hours at $240 per hour.

For the foregoing reasons, the Court hereby approves and **GRANTS in part** Defendant's request for attorney fees contained within the Motion of Defendant to Compel Discovery [DE 26]. Plaintiff and/or her attorney[1] is **ORDERED** to reimburse Defendant in the sum of $727.20 in attorney fees within thirty days of the date of this order.

SO ORDERED this 2nd day of August, 2017.

s/ John E. Martin
MAGISTRATE JUDGE JOHN E. MARTIN
UNITED STATES DISTRICT COURT

cc: All counsel of record

---

[1] *See* Fed. R. Civ. P. 37(a)(5)(A) (providing that the award should be paid by "the party or deponent whose conduct necessitated the motion, the party or attorney advising that conduct, or both"); *Francis v. AIT Labs.*, No. 1:07-CV-0626-RLY-JMS, 2008 WL 2561222, at *5 (S.D. Ind. June 26, 2008) (ordering the attorney to pay expenses where "Plaintiff's counsel, rather than Plaintiff himself, was responsible for the failure to supplement and should therefore bear the cost of the sanction to be imposed").